NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS CANDELARIO, | : | Hon. Stanley R. Chesler |
| Petitioner, | : | Civil Action No. 04-2969 (SRC) |
| v. | : | |
| ROY L. HENDRICKS, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    LUIS CANDELARIO, #251204B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

    MATTHEW REGULSKI, Assistant Prosecutor
    MERCER COUNTY PROSECUTOR
    Mercer County Courthouse, Broad & Market Streets
    Trenton, New Jersey  08650
    Attorneys for Respondents

**CHESLER**, District Judge

    Luis Candelario[1] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey.  Respondents filed an Answer, arguing that the Petition should be denied as time barred and on the merits.  Petitioner filed motions for appointment of counsel and to withdraw unexhausted claims without prejudice.  For the reasons expressed below, the Court dismisses the Petition as untimely, see 28 U.S.C. §

---

[1] The Petition spells Petitioner's name "Candelario" but the record indicates that Petitioner was sentenced as "Luis Candelaria."  This Court will use "Petitioner."

2244(d)(1)(A) & (d)(2), denies the motions as moot, and denies a certificate of appealability, see 28 U.S.C. § 2253(c)(2).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Mercer County, on February 28, 1996, and amended on September 24, 1998, after a jury found him guilty of 20 counts of armed robbery and burglary. The Law Division granted the State's motion for an extended term and sentenced Petitioner to an aggregate sentence of life imprisonment plus 105 years, with a 60-year period of parole ineligibility. Petitioner appealed. In an opinion filed on April 20, 1998, the Superior Court of New Jersey, Appellate Division, affirmed the convictions and directed the Law Division to modify the aggregate sentence to that of life imprisonment plus 40 years, with a 39-year period of parole ineligibility, so that Petitioner would become eligible for parole at age 70. State v. Candelaria, 311 N.J. Super. 437 (App. Div. 1998). On July 13, 1998, the Supreme Court of New Jersey denied certification. State v. Candelaria, 155 N.J. 587 (1998) (table). On September 24, 1998, on remand, the Law Division filed an amended judgment of conviction which modified the sentence.

On March 17, 2000, Petitioner handed a state petition for post conviction relief to prison officials for mailing to the Superior Court of New Jersey, Law Division. The petition is date-stamped as filed on March 28, 2000. By order filed August 27, 2001, the Law Division denied post conviction relief. Petitioner appealed, and in an opinion filed March 6, 2003, the Superior Court of New Jersey, Appellate Division, affirmed the order denying post conviction relief. State v. Candelario [sic], No. A-1200-01T4 (App. Div. Mar. 6, 2003). On June 20, 2003, the Supreme Court of New Jersey denied certification. State v. Candelaria, 177 N.J. 223 (2003) (table).

On June 4, 2004, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on June 23, 2004. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition asserts seven grounds, none of which raises a right newly recognized by the United States Supreme Court. The grounds are set forth below verbatim:

> Ground One: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO VINDICATE VIOLATIONS OF RIGHTS GUARANTEED PROTECTION UNDER THE FOURTH AMENDMENT THEREBY DENYING PETITIONER HIS SIXTH AND FOURTEENTH RIGHTS.
>
> Ground Two: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY THE FAILURE OF COUNSEL TO CONSULT WITH THE PETITIONER AND THEN FORCING PETITIONER TO TESTIFY AT TRIAL. CONST. AMENDS. VI AND XIV.
>
> Ground Three: ADMISSION OF OTHER CRIMES EVIDENCE WITHOUT A LIMITING INSTRUCTION DEPRIVED PETITIONER OF A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT.
>
> Ground Four: PETITIONER WAS DEPRIVED OF A FAIR TRIAL DUE TO ACTS OF PROSECUTORIAL MISCONDUCT. CONST. AMEND. XIV.
>
> Ground Five: PETITIONER WAS DEPRIVED OF A FAIR TRIAL DUE TO UNCONSTITUTIONAL JURY CHARGE. CONST. AMEND. XIV.
>
> Ground Six: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL BY THE FAILURE OF APPELLATE COUNSEL TO PROVIDE A MEANING[FUL] APPEAL. CONST. AMENDS. VI, XIV.

>   Ground Seven: THE CUMULATIVE EFFECT OF THE
>   CONSTITUTIONAL ERRORS DENIED PETITIONER A FAIR
>   TRIAL.

(Pet. ¶ 12.A. - 12.G.)

Respondents filed an Answer, accompanied by the state court record, arguing, <u>inter alia</u>, that the Petition should be dismissed as time barred. Petitioner filed a motion for appointment of counsel and a motion to withdraw unexhausted claims without prejudice. Respondents filed a letter memorandum opposing the motion to withdraw the unexhausted claims and seeking dismissal of the Petition as time barred. Petitioner filed a Reply to the State's memorandum, in which he argues that he should be given an opportunity to present the unexhausted claims to the New Jersey courts.

## II.  DISCUSSION

A.  <u>Statute of Limitations</u>

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

>   (A) the date on which the judgment became final by the conclusion
>   of direct review or the expiration of the time for seeking such
>   review;
>
>   (B) the date on which the impediment to filing an application
>   created by State action in violation of the Constitution or laws of
>   the United States is removed, if the applicant was prevented from
>   filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially
>   recognized by the Supreme Court, if the right has been newly

4

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted). An application "is '*properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. [2]

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 13, 1998. State v. Candelaria, 155 N.J. 587 (1998) (table). However, pursuant to the directive of the Appellate Division, the Law Division entered an amended judgment of conviction modifying the sentence on September 24, 1998. The statute of limitations therefore began to run on November 9, 1998, the date on which the judgment became final by the expiration of the time for

---

[2] See also Pace v. DeGuglielmo, 125 S.Ct. 1807, 1812 (2005) ("We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist").

seeking review of the amended judgment of conviction.[3]  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, the limitations period expired 365 days later on November 9, 1999.

Petitioner handed a post conviction relief petition to prison officials for mailing to the Law Division on March 17, 2000.  Because Petitioner did not file his first state petition for post conviction relief until March 17, 2000, after the limitations period had expired, the limitations period was not statutorily tolled.  See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).  Petitioner has not argued that the limitations period should be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.

To summarize, Petitioner's conviction became final on November 9, 1998.  Petitioner had 365 days or until November 9, 1999, to file his § 2254 petition.  Because Petitioner did not file a state petition for collateral review at any time between November 9, 1998, and November 9, 1999, the limitations period was not statutorily tolled and it expired on November 9, 1999.  Petitioner did not execute the § 2254 Petition until June 4, 2004.   Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations.  Accordingly, the Court dismisses the Petition with prejudice as untimely.  28 U.S.C. § 2244(d)(1).

---

[3] Rule 2:4-1(a) of the Rules Governing Appellate Practice in the Supreme Court and the Appellate Division of the Superior Court of New Jersey provides that appeals from final judgments of courts shall be taken within 45 days of their entry.

B.  Petitioner's Motions

The Court denies Petitioner's motions for appointment of counsel and to withdraw the unexhausted claims as moot.

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

_____s/_____<br>
STANLEY R. CHESLER, U.S.D.J.

DATED:     December 13,  2005