<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS CANDELARIO, | : | **Hon. Stanley R. Chesler** |
| Petitioner, | : | Civil Action No. 04-2969 (SRC) |
| v. | : | |
| ROY L. HENDRICKS, et al., | : | <u>O P I N I O N</u> |
| Respondents. | : | |

**APPEARANCES:**

    LUIS CANDELARIO, #251204B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner <u>Pro</u> <u>Se</u>

    MATTHEW REGULSKI, Assistant Prosecutor
    MERCER COUNTY PROSECUTOR
    Mercer County Courthouse, Broad & Market Streets
    Trenton, New Jersey  08650
    Attorneys for Respondents

<u>CHESLER</u>, District Judge

    Luis Candelario filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  In an Order and Opinion entered December 14, 2005, this Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability.  Petitioner filed a motion for leave to file notice of appeal nunc pro tunc, which the Court construes as a motion, pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, to extend the time to file a notice of appeal.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court denies the motion.  <u>See</u> Fed. R. App. P. 4(a)(5).

## I.  BACKGROUND

Rule 4(a)(1) of the Federal Rules of Appellate Procedure establishes the time limit for filing a notice of appeal in a civil case:  "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1).  Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."  Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

Rule 4(a)(5) permits the district court to extend the time to file a notice if appeal if the following two conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed
> by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30
> days after the time prescribed by this 4(a) expires, that party shows
> excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  Thus, this Court may grant Petitioner's motion only if he filed his motion for an extension no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), see IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.2 (3d Cir. 1986), and he shows either excusable neglect or good cause, In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005).

As to the time requirement, the Order which Petitioner seeks to appeal was entered on December 14, 2005.  See Fed. R. Civ. P. 4(a)(7)(A)(ii).  The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) expired on January 13, 2006, 30 days later.  The time to

file a timely motion to extend the time expired 30 days later on February 14, 2006. Petitioner's motion for extension of time to file a notice of appeal, which the Clerk of this Court received on February 15, 2006, is dated February 8, 2006. If Petitioner handed his motion papers to prison officials for mailing before February 15, 2006, see Fed. R. App. P. 4(c)(1), then the motion satisfies the first condition under Rule 4(a)(5)(A)(i).[1]

The good cause and excusable neglect standards have "different domains" and one is not inclusive of the other. Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments (quoting Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments.

In the certification accompanying Petitioner's motion, Petitioner does not explain why he did not file the notice of appeal on or before the due date of January 13, 2006. (Certification of Louis Candelario, dated Feb. 8, 2006.) Because Petitioner has not shown good cause or excusable neglect, the Court denies the motion to extend the time to file a notice of appeal.

---

[1] "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mail system] and state that first-class postage has been prepaid." Fed. R. App. P. 4(c).

## IV.  CONCLUSION

Based on the foregoing, the Court denies Petitioner's motion to extend the time to file a notice of appeal.


                                        s/Stanley R. Chesler
                                    STANLEY R. CHESLER, U.S.D.J.


DATED:  February 24, 2006